UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA LEA STONE,

        Plaintiff

    v.                                C-1-10-236

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 19) and plaintiff's objections thereto (doc. no. 23). Plaintiff, a Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be affirmed.

2

**I.**

On June 17, 2005, plaintiff filed applications for Supplemental Security Income (SSI) and for Disability Insurance Benefits (DIB) alleging a disability onset date of December 1, 2000, due to migraine headaches, panic attacks, anxiety and psychosis. Plaintiff's claims were denied initially and upon reconsideration and on January 23, 2008, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On October 8, 2008, December 10, 2008, and April 16, 2009, evidentiary hearings were held in Cincinnati, Ohio,. Plaintiff was represented by counsel at all three hearings and testified at the first and third hearings. George Rogers, Ed.D., a consulting medical expert ("ME), testified at all three hearings and, Janet Chapman, an impartial vocational expert ("VE"), testified at the last hearing. On May 19, 2009, the ALJ entered her decision denying plaintiff's SSI and DIB applications and the Appeals Council denied plaintiff's request for review.

**II.**

Plaintiff objects to the Report and Recommendation of the Magistrate Judge for the following reasons.

3

**Plaintiff objects to the credibility determinations of plaintiff and Dr. Rogers as being grossly improper and based upon the ALJ's unreasonable interpretation of the medical record. Plaintiff argues that the ALJ selected only those portions of the evidence which support her conclusions and ignored those portions which do not. The ALJ allowed the reading of the record to be skewed by her preconceived notions about plaintiff"s "drug seeking behavior" and noncompliance. There is ample evidence to support a finding that plaintiff's disability was not affected by drug seeking behavior or noncompliance. There is little evidence to support the ALJ's conclusions and there are no inconsistencies in their testimonies. Plaintiff argues the ALJ's decision is fatally flawed and her decision should be vacated.**

**Plaintiff also objects to the ALJ's determination that plaintiff does not meet Listings 12.03 and 12.04. Dr. Rogers, the consulting medical psychologist, testified that plaintiff's psychological condition very clearly met Listings 12.03 and 12.04 from her alleged onset date to at least December 31, 2004, the date she was last insured. Dr. Rogers further agreed that it is not clear from the record when, or even if, plaintiff stopped meeting those Listings. Therefore, the ALJ should have offered**

4

plaintiff a closed period for the time from her alleged onset date until the date she was last insured.

Additionally, plaintiff argues that the ALJ erred in placing greater weight on the opinions of state-agency reviewing physicians rather than on Dr. Colmenares, the consulting physician.  The ALJ rejected the opinion of Sylvia Colmenares, MD, as set forth in the Mental Residual Functional Capacities Questionnaire she completed on March 13, 2008, because she did not understand Dr. Colmenares' relationship to plaintiff. The ALJ determined that Dr. Colmenares did not identify any source of information on the claimant other than what she was told by the claimant herself.  The ALJ believed that Dr. Colmenares did not address the issues of noncompliance and drug seeking behavior.  The ALJ also rejected Dr. Colmenares opinion because she did not believe that Dr. Colmenares demonstrated recognition of the cause for plaintiff's recent psychiatric hospitalization or of the marked improvement the plaintiff had shown during that hospitalization.  Plaintiff argues that each of these reasons is without merit.

5

**Finally, plaintiff objects to the ALJ's finding that she can perform her past relevant work as a telephone solicitor or other jobs. Plaintiff argues the ALJ never directly disputes plaintiff's report that she suffers from migraine headaches and agrees that the headaches are a severe impairment. These severe headaches were incapacitating and often did not abate until after plaintiff received injected pain medications from a medical professional. The Vocational Expert, Janet Chapman, testified that if plaintiff would miss at least two days of work per month due to her migraine headaches, she would be unable to sustain full-time work. Accordingly, the opinions of Drs. Rogers and Colmenares should have been accorded great weight, and the ALJ's finding that plaintiff could return to her past relevant work as a telephone solicitor or to other work is not reasonable or supportable.**

**III.**

**Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner''s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds**

6

that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Mullen v. Sec. of HHS</u>, 800 F.2d 535 (6th Cir. 1986); <u>Kirk v. Sec. of HHS</u>, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge that the Commissioner 's decision is supported by substantial evidence in the record.

7

Accordingly, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge and the final decision of the Commissioner denying plaintiff Supplemental Security Income and Disability Insurance Benefits is hereby AFFIRMED.

This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                s/Herman J. Weber
              Herman J. Weber, Senior Judge
              United States District Court